Adam Brant v. Commissioner. Jacob Fish v. Commissioner. Jacob Fish and Eva Fish, Husband and Wife v. Commissioner.
Brant v. Commissioner
Docket Nos. 23745, 23749, 23752.
United States Tax Court
1951 Tax Ct. Memo LEXIS 259; 10 T.C.M. (CCH) 384; T.C.M. (RIA) 51117; April 20, 1951
*259 Joseph F. Lawless, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: The above entitled and numbered cases have been consolidated for purposes of opinion. They involve income taxes and penalties for the taxable years and in amounts as follows: Docket No.
Petitioner
Year
Deficiency
Penalty
23752
Jacob Fish and Eva Fish
1942
$ 345.93
$ 172.96
23749
Jacob Fish
1943
7,776.70
3,888.35
1944
16,474.85
8,237.43
1945
8,527.56
4,263.78
23745
Adam Brant and Dora Brant
1942
364.57
182.29
Adam Brant
1943
10,215.80
5,107.90
Adam Brant
1944
16,210.42
8,105.21
Adam Brant
1945
13,721.06
6,860.53 The questions involved are the liability of the petitioners for income tax and for the fraud penalties alleged by the respondent. Findings of Fact Adam Brant and Dora Brant filed a joint income tax return for the calendar year 1942, and Adam Brant filed income tax returns for the calendar years 1943, 1944 and 1945. Jacob Fish and Eva Fish filed a joint income tax return for the calendar year 1942, and Jacob Fish filed income tax returns for the calendar years 1943, 1944 and *260 1945. All of the income tax returns above referred to were filed with the collector for the second district of New York. During the calendar years 1942, 1943 and 1944 Jacob Fish and Adam Brant were partners in a business operating under the name of Vogue Fashion Knitting Mills. Vogue Fashion Knitting Mills, a contractor of ladies' knitwear, filed a partnership return of income for the calendar years 1942, 1943 and 1944 with the collector of internal revenue for the second district of New York. At the end of 1944 the partnership was dissolved and Adam Brant operated Vogue Knitting Mills as a sole proprietorship in 1945. Vogue Fashion Knitting Mills, in its partnership return of income for the calendar years 1942, 1943 and 1944, reported partnership income in the amounts of $2,830.35, $34,598.98 and $26,812.02, respectively. In its tax return for the year 1942, it understated net sales in the amount of $2,117.42. In its tax return for the year 1943, it understated net sales in the amount of $22,257.92. In its tax return for the year 1944, it understated net sales in the amount of $44,765.62. The books of Vogue Fashion Knitting Mills carried an account called "loan and exchange *261 account". The exchange account on the books of Vogue Fashion Knitting Mills disclosed that during the years 1942, 1943 and 1944, $70,000 worth of checks were deposited in the partnership bank accounts and explained on the books and records as loans from Adam Brant and Jacob Fish. At the direction of Adam Brant and Jacob Fish the accountant for the partnership entered the sales receipts on the exchange account as loans from the partners to the partnership. The checks listed in the exchange account of Vogue Fashion Knitting Mills were not loans from Adam Brant to Jacob Fish, but were received as payment for sales made by the partnership to bona fide customers. For the year 1942, $3,098.63 was deposited and cleared through the exchange account, but only $756.21 was identified as legitimate loans from the partners to the business. An analysis of withdrawals from the personal bank accounts of Adam Brant and his wife Dora Brant, and Jacob Fish and his wife Eva Fish disclosed that the unexplained deposits of $2,342.42 in the exchange account could not have come from their personal savings and checking accounts, and were not loans to the partnership. Adam Brant and Jacob Fish could *262 offer no explanation of the manner in which they obtained money to loan to the partnership. For the year 1943, $14,316.32 was deposited and cleared through the exchange account, but only $1,951.49 was identified as legitimate loans from the partners to the partnership. $9,360.75 was identified as sales to customers which were not entered as such on the partnership books. For the year 1944, $40,807.86 was deposited and cleared through the exchange account, but only $1,391.50 was identified as legitimate loans from the partners to the partnership. $23,440.73 was identified as sales to customers which were not entered as such on the partnership books and records. Adam Brant and Dora Brant, in their joint income tax return for the calendar year 1942, reported a gross income of $1,415.18, whereas their correct net income was $3,561.66, or a net income omitted of $2,146.48. In their 1942 joint income tax return, they reported a distributive partnership share in the amount of $1,415.18, whereas they actually received $2,886.58 as a distributive partnership share. Adam Brant, in his income tax return for the calendar year 1943, reported a net income of $17,106.49, whereas his correct *263 net income was $34,161.05, or a net income omitted of $17,054.56. In his 1943 income tax return, he reported a distributive partnership share in the amount of $17,299.49, whereas he actually received $29,711.75 as his distributive share of partnership income. In his income tax return for the calendar year 1944, he reported a net income of $12,120.83, whereas his correct net income was $39,360.23, or a net income omitted of $27,239.40. In his 1944 income tax return, he reported a distributive partnership share in the amount of $13,406.01, whereas he actually received $37,836.98 as his distributive share of partnership income. In his income tax return for the calendar year 1945, he reported a net income of $15,038.74, whereas his correct net income was $38,071.88, or an income omitted of $22,533.14. In his 1945 income tax return, he understated net sales in the amount of $10,498.79. For the year 1945, which was a sole proprietorship [sic], $19,708.26 was deposited and cleared through the exchange account, of which only $4,318.37 was legitimate loans to the business. $7,246.95 was identified as sales made by Adam Brant to his customers which were not entered as such on the books *264 and records of the sole proprietorship. Jacob Fish and Eva Fish, in their joint income tax return for the calendar year 1942, reported a gross income of $2,301.20, whereas their correct net income was $3,908.78, or a net income omitted of $1,607.58. In their 1942 joint income tax return, they reported a distributive partnership share in the amount of $1,415.18, whereas they actually received $2,886.59 as a distributive partnership share. Jacob Fish, in his income tax return for the calendar year 1943, reported a net income of $17,121.49, whereas his correct net income was $30,101.22, or a net income omitted of $12,979.73. In his 1943 income tax return, he reported a distributive partnership share in the amount of $17,299.49, whereas he actually received $29,711.76 as his distributive share of partnership income. In his income tax return for the calendar year 1944, he reported a net income of $12,445.88, whereas his correct net income was $39,225.91, or a net omission of $26,780.03. In his 1944 income tax return, he reported a distributive partnership share in the amount of $13,406.01, whereas he actually received $37,836.98 as his distributive share of partnership income. In his *265 income tax return for the calendar year 1945, he reported a net income of $2,725.57, whereas his correct net income was $22,804.14, or an income omitted of $20,078.57. In his 1945 income tax return, he understated income in the amount of $20,708.57. During the year 1945 Jacob Fisher deposited in his personal bank accounts $21,152.53, and Eva Fish deposited $20,941.50 in her personal bank accounts, most of which she received from Jacob Fish. In March, 1950, an indictment in five counts was filed in the United States District Court for the Southern District of New York. Counts one, two and three charged Adam Brant with filing fraudulent income tax returns in the calendar years 1943, 1944 and 1945; counts four and five charged Jacob Fish with filing fraudulent income tax returns for the calendar years 1943 and 1944. Adam Brant plead guilty to counts one, two and three of said indictment, and on June 25, 1950 was sentenced to four months on each count, said sentences to run concurrently. Jacob Fish plead guilty to counts four and five of said indictment, and on June 25, 1950 was sentenced to three months on each count, said sentences to run concurrently. Respondent's determinations *266 of deficiencies for the taxable years 1942, 1943, 1944 and 1945 are correct. Petitioners filed false and fraudulent income tax returns for each of the taxable years 1942, 1943, 1944 and 1945, with intent to evade tax. A part of the deficiency with respect to each of said taxable years is due to fraud with intent to evade tax. Opinion No appearance was made in these matters on the part of the petitioners, although they had earlier, in the filing of petitions and answers, been represented by counsel. When the cases were called in due course for hearing on February 17, 1951, counsel for the respondent stated that he had been advised by petitioners' counsel that the petitioners would not appear in Court and were going to let the amounts go by way of default though they were fully apprised of the fact that the fraud penalty would be asked. Fifty per cent penalties were asserted under section 293 (b) of the Internal Revenue Code in the deficiency notices added to the petitions and were set forth in the petitions and therein asserted to be error on the part of the respondent. The respondent at trial, there being no appearance on the part of the petitioners, *267 moved for judgment in each docket number in the amount of the deficiencies determined. Ruling on the motion was reserved and the respondent proceeded to adduce evidence to support the allegations of his answers. Such evidence sustained the deficiency notices both as to the principal amount of the deficiencies and the 50 per cent added under section 293 (b) of the Internal Revenue Code. Under the evidence adduced by the respondent with no appearance by or evidence adduced by the petitioners, it is clear that the deficiencies, and the amounts of penalty under section 293 (b) were correctly determined. Not only does the evidence show a consistent system of concealment of income by manipulation of records by the petitioners but it is equally clear that such system was fraudulent and with intent to evade income tax. The petitioners Adam Brant and Jacob Fish in 1950 pleaded guilty to indictments in the United States District Court for the Southern District of New York with which they were charged with filing fraudulent income tax returns, involving the years 1943, 1944 and 1945 as to Adam Brant and the years 1943 and 1944 as to Jacob Fish. Adam Brant was sentenced *268 to four months on each of three counts, the sentences to run concurrently, and Jacob Fish was sentenced to three months on each of two counts, the sentences to run concurrently. We have on all of the evidence found as facts that the petitioners filed false and fraudulent income tax returns for each of the taxable years with intent to evade tax and further found that a part of the deficiency with respect to each of the taxable years is due to fraud with intent to evade tax. Decisions will be entered for the respondent.